Joe M. WILLIAMS and wife, Ruby Williams, Appellants.

v.

UNITED STATES of America, Appellee.

No. 20651.

United States Court of Appeals
Fifth Circuit.

March 20, 1964.

Hal M. Lattimore and Lattimore & Lattimore, Fort Worth, Tex., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., Dept. of Justice, Washington, D. C., H. Barefoot Sanders, Jr., U. S. Atty., Dallas, Tex., Harry Baum, Arthur E. Strout, C. Moxley Featherston, Michael I. Smith, Attys., Tax Div., Dept. of Justice, Washington, D. C., T. Gary Cole, Jr., Asst. U. S. Atty., of counsel, for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

## PER CURIAM.

This case presents "the old, familiar, recurring, vexing and ofttimes elusive problem of the treatment of proceeds of sales of subdivided lots as capital gains or ordinary income." [1]

As we observed in Thompson, it is fruitless to attempt a case-by-case distinction in this prolific field.[2] Notwithstanding Taxpayer's [3] insistence (1) that although he was admittedly engaged in the business of selling houses and lots he was never in the business of selling lots alone, and (2) that the lots were sold in liquidation of an "investment" necessitated by bad health and a depressed money market, we cannot say that the finding of the District Court that the lots were held by Taxpayer primarily for sale to customers in the ordinary course of his trade or business [4] is clearly erroneous. F.R.Civ.P. 52(a). Riley v. Commissioner, 5 Cir., 1964, 328 F.2d 428 [No. 20064, February 13, 1964]. [CCH 1964 Stand.Fed.Tax Rep. (64–1 U.S. Tax Cas.) par. 9254].

Taxpayer has been in the residential construction business since 1937. He buys unimproved realty, subdivides the land into residential lots, builds houses on the lots, and sells the houses together with the lots to the general public. His building and selling activities [5] from 1952 through 1957 resulted in the sale of 128 houses. The 41 lots sold to a single purchaser [6] in 1954 which are here involved spring from Taxpayer's subdividing of a 14-acre tract of unimproved land purchased in 1953. By September of 1953 he had water lines and taps installed on 20 of the lots; by October he had sewers installed; in November he had curbs, gutters, paving and street excavations completed. Sales were slow because of an inability of potential purchasers to finance new homes, resulting from an increase in mortgage rates, and by December only 7 of the 20 completed houses had been sold. Taxpayer then found a purchaser for the 41 lots on which no homes had been built. The terms of the sale are not important except as part of the deal Taxpayer agreed

1. Thompson v. Commissioner, 5 Cir., 1963, 322 F.2d 122, 123.

2. 322 F.2d 122, at 127. Of these sections of the Code, it has been said "[t]hese words have given rise to as much litigation as any other in the entire Code." 3B Mertens, Federal Income Taxation § 22.-15, at 74 (Zimet & Weiss ed. 1958).

3. The Taxpayer is Appellant, Joe M. Williams. His wife, Ruby Williams, is a party only because a joint return was filed.

4. Int.Rev.Code of 1954, § 1221, 26 U.S. C.A. § 1221.

5. Taxpayer operated variously as a sole proprietor, partner, and through a corporation.

6. We have held that a single vendee may be a customer within the meaning of § 117(a) (1) of the 1939 Code, the predecessor of Int.Rev.Code of 1954, § 1221(a) (1), 26 U.S.C.A. § 1221(a) (1). Patterson v. Belcher, 5 Cir., 1962, 302 F.2d 289, 294.

to and did install, in addition to improvements already in existence, water lines and taps, sewer lines, and additional paving. Despite an asserted need to ease up on business activities as the result of medical advice, Taxpayer wildcatted for oil in Oklahoma and engaged in other house construction as a partner during the balance of 1954. From the viewpoint of substance, the only difference was that houses were not being sold. There was nothing to compel the trier to conclude that, as to these lots, Taxpayer had changed character from a real estate subdivider. Under these circumstances, the District Court was justified in holding that the lots were held primarily for sale to customers in the ordinary course of his trade or business.

Affirmed.